1

2

3

4

5

6           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8  DUANE R. STEWART,

9                          Plaintiff,          Case No. C12-937-TSZ-BAT

10         v.                                  **REPORT AND
                                               RECOMMENDATION**
11  KING COUNTY HEALTH DEPARTMENT, et
   al.,
12
                          Defendants.
13

14         Duane Stewart is a Washington State Department of Corrections prisoner at Coyote

15  Ridge Corrections Center.  His pro se complaint alleges in 2009, Harborview Hospital, King

16  County Jail, and King County Health Department violated his rights by providing him poor

17  medical care in violation of 42 U.S.C. § 1983.  Dkt. 8.  As the complaint contained numerous

18  deficiencies, the Court declined to serve it and granted Mr. Stewart leave to file an amended

19  complaint no later than July 18, 2012.  Dkt.  9.  Granting Mr. Stewart's request for more time,

20  the Court extended the time to file an amended complaint to September 25, 2012.  Dkt. 11.  Mr.

21  Stewart has not filed an amended complaint and the Court therefore recommends the matter be

22  **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

                              **BACKGROUND**
23
          Mr. Stewart's complaint alleges he was admitted to "Harborview Hospital" in June 2009,

REPORT AND RECOMMENDATION - 1

and released two weeks later to the King County Jail "with instructions" he "have no weight

bearing on either leg for minimum 8 weeks.  I now have extreme pain in the right ankle and now

walk with a gait caused by the surgery's on my hip and ankle."  Dkt. 8 at 3.  Mr. Stewart also

alleges King County Jail is responsible for his medical difficulties by requiring him to get out of

bed, and go to the cell door to receive food and medication.  *Id.*  And finally, he alleges King

County Health Department is responsible for his medical difficulties because the Department

"runs the medical at the King County Jail" and failed to address Mr. Stewart's need for heart

surgery or his diabetes.  As relief, Mr. Stewart seeks an order requiring the prison in which he is

held provide him a doctor of his choice, and that he be awarded monetary damages.  *Id.* at 4.

## DISCUSSION

The Court declined to serve the complaint because it contained fatal deficiencies that, if

not addressed, would lead to a recommendation of dismissal of the entire action for failure to

state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

The complaint is brought under § 1983.  To state a claim under § 1983, a plaintiff must

allege facts showing (1) the conduct about which he complains was committed by a person

acting under the color of state law; and (2) the conduct deprived him of a federal constitutional

or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a

valid § 1983 claim, a plaintiff must allege he suffered a specific injury as a result of the conduct

of a particular defendant, and he must allege an affirmative link between the injury and the

conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The claims asserted in the complaint regard medical treatment.  The government has an

obligation to provide medical care for prisoners.  The Eighth Amendment proscribes deliberate

indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *Id.* at 104. A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. *Id.* at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).

Under these standards, the present complaint fails to state a claim for relief under § 1983. Mr. Stewart claims the surgery performed on him at Harborview Hospital caused ankle pain and causes him to "walk with a gait." This does not state a claim deliberate indifference to his medical needs. Rather, the claim alleges the outcome of a surgery was poor; i.e., that the surgery was performed negligently. But negligence is not actionable under § 1983 and even if it were, the complaint presents no facts establishing Harborview Hospital was in fact negligent, and if so, whether the negligence proximately caused Mr. Stewart's alleged injuries.

The complaint also fails to state a § 1983 claim against King County Jail. The few facts contained in the complaint indicate Mr. Stewart disagrees with the Jail's requirement that he

REPORT AND RECOMMENDATION - 3

accept his food and medications at the cell door.  As pled, this amounts to a difference of opinion

between a prisoner and jail medical authorities regarding proper medical treatment and thus does

not give rise to a § 1983 claim.  The complaint also lacks facts showing that receiving food and

medications at the cell door caused any injury to Mr. Stewart.  Rather the complaint states "I feel

that this further complicated my condition."  Dkt. 8 at 3.  As noted above, a plaintiff in a § 1983

action must allege he suffered a specific injury as a result of the conduct of a particular

defendant, and he must allege an affirmative link between the injury and the conduct of that

defendant.  Mr. Stewart's complaint falls far short of this requirement.

The complaint also names the King County Jail, a governmental agency that normally

cannot be sued under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  Rather, the proper

defendant would be King County, a municipality that can be sued under § 1983.

The Complaint further alleges King County Department of Health failed to address Mr.

Stewart's need for heart surgery and diabetes.  This is nothing more than a bald statement.

Specific and plausible facts are required to support conclusory allegations of harm.  *See Ascroft

v. Iqbal,* 129 S. Ct. 1937, 1951 (2009).  Mr. Stewart's request for relief is a general and

conclusory allegation and, without specific facts, fails to state a claim upon which relief can be

granted.

The Court notes that to the extent Mr. Stewart's claims against the Jail and the Health

Department are intended to be claims against King County, the complaint fails to establish

municipal liability.  To hold a municipality, such as King County, liable for a constitutional

injury, Mr. Stewart must show the municipality itself violated his rights or that it directed its

employee to do so.  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404

(1994).  Under this theory of liability, the focus is on the municipality's "policy statement,

REPORT AND RECOMMENDATION - 4

ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, in order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit. *Id.* The complaint fails to allege any facts as to a King County custom or policy that caused the injuries of which Mr. Stewart complains. Accordingly, his present allegations do not support a claim against King County.

The complaint is also defective because there is no indication Mr. Stewart exhausted his administrative remedies at the King County Jail. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The complaint's allegations revolve around Mr. Stewart's incarceration at the King County Jail in 2009. Mr. Stewart has not indicated he utilized any of the administrative remedies available to him at the King County Jail. Three years have passed and Mr. Stewart is now held at the Washington Department of Corrections facility at Coyote Ridge. As such, he correctly points out he need not exhaust the administrative remedies available at Coyote Ridge because

they do not pertain to the treatment he received at King County Jail. This, however, does not explain or excuse his failure to exhaust his administrative remedies while he was held at King County Jail in 2009. Unless Mr. Stewart can show he properly exhausted his administrative remedies that were available to him in King County in 2009, the matter should be dismissed.

**CONCLUSION**

As discussed above, the complaint contains numerous deficiencies precluding relief. Because Mr. Stewart is a pro se litigant, the Court gave him ample opportunity to file an amended complaint to cure his deficient complaint. Mr. Stewart was advised (Dkt. 9) that if no amended complaint was timely filed, the Court would recommend the matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. The Court however has not received anything from Mr. Stewart and therefore recommends the matter be **DISMISSED** with prejudice for failure to state a claim on which relief can be granted. A proposed order is attached to this report.

Any objections to this Recommendation must be filed no later than **October 17, 2012.** The Clerk should note the matter for **October 19, 2012**, as ready for the District Judge's consideration. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 26th day of September, 2012.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6